**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-97-00064-005-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Eric Jermaine Kimble, | |
| Defendant. | |

Pending before the Court is Eric Jermaine Kimble's ("Defendant') Motion for Rights to be Restored (Doc. 210) and supplement (Doc. 214).  For the reasons below, Defendant's Motion is denied.

Defendant asks that the Court restore his civil rights.  The Court cannot do so because the "restoration of civil rights is exclusively a state procedure."  *United States v. Geyler*, 949 F.2d 280, 281 (9th Cir. 1991); *cf.* 18 U.S.C. § 921(a)(20).  California[1] has limited options for federal prisoners seeking restoration of their rights.  Although the right to vote and sit on a jury are restored after the completion of a state or federal sentence,[2] the

---

[1] Defendant represents that he has lived in Sacramento, California since 2004.  (Doc. 210 at 2.)  Although Defendant was convicted in the District of Arizona, Arizona's restoration of rights procedures appear to be expressly limited to Arizona residents.  Ariz. Rev. Stat § 13-908(C) ("A person whose civil rights were lost or suspended as a result of a felony conviction in a United States district court and who has received an absolute discharge from imprisonment in a federal prison shall file the application for the restoration of civil rights *in the county in which the person now resides*." (emphasis added)).

[2] The right to vote is restored upon completion of a prison sentence, but the ex-prisoner must re-register.  *Voting Rights: Persons with a Criminal History*, Cal. Sec'y of State,

1  right to possess a firearm or hold public office are not so easily achieved.  There does not

2  appear to be a state procedure for individuals with federal convictions to have these rights

3  restored.  *People v. Norton*, 146 Cal. Rptr. 343, 347 (App. Dep't Super Ct. 1978) ("The

4  Legislature has not provided avenues for relief for ex-felons convicted in federal courts or

5  in other state courts."); *see California*, Restoration of Rights Project (Jan. 23, 2022),

6  https://ccresourcecenter.org/state-restoration-profiles/california-restoration-of-rights-

7  pardon-expungement-sealing/; *Federal*, Restoration of Rights Project (Nov. 8, 2021),

8  https://ccresourcecenter.org/state-restoration-profiles/federalrestoration-of-rights-pardon-

9  expungement-sealing/.  Moreover, Defendant has not cited—and the Court has not found—

10  any authority for a federal court to restore Defendant's civil rights.[3]  Accordingly, his

11  motion is denied.

12  **IT IS HEREBY ORDERED** that Defendant's Motion for Rights to be Restored

13  (Doc. 210) and supplement (Doc. 214) are **DENIED.**

14  Dated this 7th day of February, 2022.

16  G. Murray Snow
17  Chief United States District Judge

---

24  https://www.sos.ca.gov/elections/voting-resources/voting-california/who-can-vote-
25  california/voting-rights-californians (last visited Feb. 4, 2022).  The right to sit on a jury is
     restored upon completion of the prison term and any term of supervised release.  Cal. Civil
26  Code § 203(a)(9), (10); Erik Ortiz, *Most Former Felons in California Are Now Eligible for
     a New Role: Jury Duty*, NBC News (Jan. 1, 2020, 2:33 AM),
27  https://www.nbcnews.com/news/us-news/most-former-felons-california-are-now-
     eligible-new-role-jury-n1108726.

[3] If Defendant would like to explore other avenues for relief, he should consult an attorney.