**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Eric Jermaine Kimble,<br><br>　　　　　Defendant. | No. CR-97-00064-005-PHX-GMS<br><br>**ORDER** |

　　　Pending before the Court is Eric Jermaine Kimble's ("Defendant") Motion to Set Aside Judgment (Doc. 216.)  For the reasons below, the Motion is denied.

## BACKGROUND

　　　In January 1998, Defendant pleaded guilty to two counts of aiding and abetting the possession of cocaine with intent to distribute.  (Doc. 62.)  He was sentenced to seventy months on each count, to be run concurrently.  (Doc. 86.)  Upon release from confinement, he was placed on supervised release for sixty months, which was revoked in July 2002. (Doc. 183.)  Defendant was remanded to the Bureau of Prisons for five months, with supervised release to follow for fifty-two months.

　　　Defendant now resides in California.  He completed a five-year apprenticeship program to become a Construction Craft Laborer and is a "journeyman with Local 185." (Doc. 216 at 1.)  He has filed the present motion to set aside his convictions, which are now over two decades old.

**DISCUSSION**

This is Defendant's second attempt to have his convictions removed from his record. (Doc. 210.) The Court denied his first request after finding that it did not have the authority to restore Defendant's rights. (Doc. 215.) Defendant's present request asks that the judgment against him be set aside. (Doc. 216.) There is, however, no federal procedure to set aside or expunge a felony drug offense. There are only a handful of ways in which a federal court can reverse a federal conviction. None apply here.

The first is a direct appeal, which must be filed within fourteen days after entry of judgment or order being appealed and can be waived pursuant to a plea agreement. Fed. R. Crim. P. 4(b). No appeal was filed in this case.

The next is the petition for writ of habeas corpus. 28 U.S.C. § 2255 empowers federal courts "to vacate, set aside or correct [a] sentence" for "prisoner[s] in custody under sentence of a court established by Act of Congress." As Defendant notes, however, he "paid his time" and is no longer in federal custody. (Doc. 216 at 1.) The Court, therefore, cannot grant him habeas relief.

Nor is relief available through the writ of error coram nobis. A writ of error coram nobis "affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Kroytor*, 977 F.3d 957, 961 (9th Cir. 2020). To qualify for this remedy, "the petitioner must establish four requirements: (1) the unavailability of a 'more usual remedy'; (2) valid reasons for the delay in challenging the conviction; (3) adverse consequences from the conviction sufficient to satisfy Article III's case-and-controversy requirement; and (4) an 'error . . . of the most fundamental character.'" *Id.* (quoting *United States v. Kwan*, 407 F.3d 1005, 1011 (9th Cir. 2005)). Again, relief is not available because Defendant has alleged no error in the underlying criminal proceeding.

The final judicial avenue for relief is through the Court's inherent authority. Although courts do have inherent authority to expunge criminal convictions, they do not have inherent authority to do so for equitable reasons; instead, relief is limited to

"expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000). Defendant does not allege either occurred in this case.

This Court cannot give Defendant the relief he seeks. *See Federal*, Restoration of Rts. Project (Nov. 8, 2021), https://ccresourcecenter.org/state-restoration-profiles/federalrestoration-of-rights-pardon-expungement-sealing/ ("There is no general federal expungement statute, and federal courts have no inherent authority to expunge records of a valid federal conviction.")

**CONCLUSION**

Because the Court lacks the authority to set aside Defendant's convictions, his Motion is denied.

**IT IS HEREBY ORDERED** that Defendant's Motion to Set Aside Judgment (Doc. 216) is **DENIED**.

Dated this 11th day of May, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge